**DUANE MORRIS LLP**
Gregory P. Gulia
Vanessa C. Hew
1540 Broadway
New York, New York 10036-4086
Tel.: (212) 692-1000
Fax: (212) 692-1020

and

Lewis F. Gould, Jr. (prospective *pro hac vice* admission)
Maxim A. Voltchenko (prospective *pro hac vice* admission)
30 South 17th Street
Philadelphia, PA 19103-4196
Tel.: (215) 979-1000
Fax: (212) 979-1020

Attorneys for Plaintiff Lagos Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

LAGOS INC.                                    :
                                              :
                          Plaintiff,          :    **COMPLAINT**
        -against-                             :    **AND JURY DEMAND**
                                              :
LORRAINE E. SCHWARTZ, INC. and                :
LORRAINE E. SCHWARTZ                          :
                          Defendants.         :
-----------------------------------------------------------X

        Plaintiff Logos, Inc. by its undersigned attorneys, Duane Morris LLP, for its Complaint

alleges as follows:

<u>SUBSTANCE OF THE ACTION</u>

        1.      This is an action for federal trademark infringement, federal unfair competition

under Sections 32(1) and 43(a) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C.

§§ 1114(1) and 1125(a), federal trademark dilution under § 43(c)(1) of the Lanham Act, 15

U.S.C. § 1125(c)(1), and for substantial and related claims of unfair competition, deceptive trade

practices, dilution, tarnishment and injury to business reputation under the state and common laws of the State of New York. Plaintiff brings this action based on Defendants' unauthorized past, current and planned use of the mark CAVIAR® in connection with defendants' jewelry, which provides the basis for plaintiff's claims.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, Sections 1332(a), 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. § 1338(a) and § 1338(b), and under principles of supplemental jurisdiction. Venue properly lies in this District under Sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. § 1391(b) and § 1391(c), because Defendants do business in and/or have substantial contacts with and/or may be found in the Southern District of New York, and a substantial portion of the events at issue have arisen and/or will arise in this judicial district.

## PARTIES

3.     Plaintiff Lagos, Inc. ("Lagos" or "Plaintiff") is a corporation duly organized and existing under the laws of Pennsylvania with offices at 441 North Fifth Street, Philadelphia, Pennsylvania 19106.

4.     Upon information and belief, Defendant Lorraine E. Schwartz, Inc. ("LES") is a corporation duly organized and existing under the laws of New York with offices at 580 Fifth Avenue, Suite 1200, New York, New York 10036.

5.     Upon information and belief, Defendant Lorraine E. Schwartz ("Schwartz") is an officer of LES and controls all of the activities and operations thereof. Upon information and belief, Lorraine E. Schwartz resides at 530 E 76th Street, Apt. 20K, New York, New York

10021. Defendants LES and Schwartz are hereinafter referred to collectively as "Lorraine E.

Schwartz" or "Defendants."

FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.    Plaintiff's Intellectual Property

6.    Lagos is and has been in the business of designing and selling jewelry under the

CAVIAR® trademark continuously in interstate commerce since at least as early as 1989.

Lagos' jewelry is featured at some of the finest retailers in the world including Neiman Marcus,

Saks Fifth Avenue and other fine jewelry stores (e.g., Jay Roberts Jewelers) nationwide.

7.    Lagos is the owner of a U.S. federal registration, Registration No. 1,703,128, for

the trademark CAVIAR (the "CAVIAR® Mark") for "jewelry, namely, rings, pins, bracelets,

earrings, necklaces and watches." The CAVIAR® Mark is registered as a word mark in block

letters, without any logo and not in any stylized typeface. A printout from the Patent and

Trademark Office's online database depicting U.S. Registration No. 1,703,128 is annexed hereto

as Exhibit 1.

8.    As a result of Lagos' substantially exclusive and continuous use of the mark, the

CAVIAR® Mark has achieved incontestable status. Such incontestable registration serves as

conclusive evidence of the validity and registration of Lagos' CAVIAR® Mark and Lagos'

ownership of and exclusive rights to use the CAVIAR® Mark in commerce for the

aforementioned goods under 15 U.S.C.A. § 1065, and 15 U.S.C.A. § 1115(b), as Lagos has filed

the required affidavits with the Commissioner of Patents and Trademarks.

9.    As the result of Lagos' longstanding continuous and substantially exclusive use of

the CAVIAR® Mark in connection with its jewelry, the CAVIAR® Mark has become extremely

3

famous and has come to identify Lagos as the source of the jewelry sold in connection with the LAGOS® Mark. Indeed, the extraordinary and longstanding success of Lagos' CAVIAR® brand jewelry over the past eighteen years has fostered wide renown with the trade and public.

10.     Lagos has maintained and continues to maintain the highest standards of quality in designing and selling its jewelry under the CAVIAR® Mark. Consumers recognize the CAVIAR® Mark and know that the products sold under the CAVIAR® Mark meet Lagos' stringent standards regarding high quality and distinctive design. ·

11.     Lagos continuously and extensively advertises and promotes the CAVIAR® Mark and the jewelry marketed in connection therewith in a wide variety of media including in print advertisements and other promotional materials. In addition, Lagos has promoted and promotes its CAVIAR® Mark on the Internet via its website located at www.lagos.com (the "Lagos Website"). Printouts from the Lagos Website are annexed hereto as Exhibit 2.

12.     As a result of Lagos' time, effort, extensive promotion, advertisement, and investment of substantial funds to design and market the CAVIAR® Mark and the jewelry marketed in connection therewith, the CAVIAR® Mark has acquired and maintained an outstanding celebrity and fame symbolizing the substantial and material goodwill that Lagos has created for the CAVIAR® Mark throughout the United States and the world.

13.     Because of Lagos' extensive promotion and use of the CAVIAR® Mark, the CAVIAR® Mark has acquired enormous value and has become extremely well known to the consuming public and trade as identifying and distinguishing Plaintiff's CAVIAR® jewelry from that of its competition.

14.    Lagos currently markets and sells jewelry under the CAVIAR® Mark to consumers throughout this District, this State and the United States.

B.    Defendants' Unlawful Activities

15.    Upon information and belief, all of LES's operations are controlled in whole or in part by Schwartz.

16.    Upon information and belief, Defendants are engaged in the designer jewelry business. Defendants operate a showroom at 580 Fifth Avenue, Suite 1200, New York, New York 10036. Defendants' jewelry has been featured in at least one national publication – Town & Country magazine. An excerpt from the Fall 2007 issue of Town & Country magazine featuring Defendants' jewelry as marketed and sold in connection with the CAVIAR designation is annexed hereto as Exhibit 3.

17.    Plaintiff and Defendants are in direct competition.

18.    Defendants, in common with the rest of the trade, are well aware of Plaintiff's CAVIAR® mark, and of the vast goodwill represented and symbolized thereby. Notwithstanding that awareness, and in fact by reason of it, Defendants currently use the CAVIAR designation to promote and sell their jewelry.

19.    On August 24, 2007, Plaintiff's counsel sent a letter to Defendants advising them of Plaintiff's exclusive rights in the CAVIAR® trademark. In the letter, Plaintiff demanded that Defendants immediately cease all use of the CAVIAR® trademark, either alone or with other words, in connection with the marketing, promotion or sale of Defendants' jewelry. A copy of this letter is annexed hereto as Exhibit 4.

20.    In light of Defendants' undeterred and willful infringement, on September 14, 2007, Plaintiff's counsel sent a follow-up letter to Defendants regarding Defendants' unauthorized use of the CAVIAR® Mark.  Annexed hereto as Exhibit 5 is a copy of Plaintiff's September 14, 2007 letter to Defendants.

21.    Despite being put on notice of the strength of Plaintiff's rights and goodwill in its famous and registered CAVIAR® Mark, upon information and belief, Defendants have not ceased their illegal activities and continue to market and promote their goods and services in connection with the CAVIAR® Mark.

22.    Upon information and belief, Defendants have adopted, commenced use of and are using and planning to use Plaintiff's CAVIAR® Mark with the intent and purpose of trading on the extensive goodwill built up by Plaintiff in its CAVIAR® Mark and to reap the benefits of years of effort and investment by Plaintiff to create public recognition of its CAVIAR® Mark.

23.    Defendants' conduct is intentionally fraudulent, malicious, willful and wanton.

24.    Defendants' acts of imitation have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

25.    Defendants' unauthorized use of Plaintiff' CAVIAR® mark is likely to cause confusion, mistake, or deception as to the origin of its goods and services or as to affiliation, connection or association of Defendants with Lagos, and therefore constitutes trademark infringement and unfair competition under Sections 32 and 43(a) of the Lanham Act.

26.    Defendants' unauthorized use of Lagos' famous CAVIAR® mark by Defendants is also likely to dilute the distinctive quality of the CAVIAR® mark under Section 43(c) of the Lanham Act.

6

## FIRST CLAIM FOR RELIEF
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. §1114(1))

27.    Plaintiff realleges paragraphs 1 through 26 above and incorporates them by reference as if fully set forth herein.

28.    Defendants' use of a copy, variation, simulation or colorable imitation of Plaintiff's registered CAVIAR® Mark in connection with Defendants' jewelry infringes Plaintiff's exclusive rights in its federally registered mark, is likely to cause confusion, mistake, or deception, and constitutes trademark infringement, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

29.    Defendants have used a copy, variation, simulation or colorable imitation of Plaintiff's CAVIAR® Mark with full knowledge of Plaintiff's long and extensive prior use of the CAVIAR® Mark.

30.    Defendants' conduct is causing immediate and irreparable injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION (15 U.S.C. §1125(a))

31.    Plaintiff realleges paragraphs 1 through 30 above and incorporates them by reference as if fully set forth herein.

32.    Defendants' use of a copy, variation, simulation or colorable imitation of Plaintiff's registered CAVIAR® Mark in connection with Defendants' jewelry constitutes a false designation of origin, a false description and representation of Defendants' goods and/or services

and a false representation that Defendants' retail services and/or merchandise are sponsored, endorsed, licensed, authorized, or affiliated or connected with Plaintiff.

33.    Upon information and belief, Defendants have used a copy, variation, simulation or colorable imitation of Plaintiff's CAVIAR® Mark with full knowledge of the long and extensive prior use of the CAVIAR® Mark by Plaintiff.

34.    Upon information and belief, Defendants have knowingly adopted and used a copy, variation, simulation or colorable imitation of Plaintiff's CAVIAR® Mark with full knowledge of Plaintiff's long and extensive prior use of the CAVIAR® Mark.

35.    Defendants' acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

36.    Defendants' conduct has caused and will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### COMMON LAW UNFAIR COMPETITION

37.    Plaintiff realleges paragraphs 1 through 36 above and incorporates them by reference as if fully set forth herein.

38.    Upon information and belief, Defendants were aware of Plaintiff's prior use of the registered CAVIAR® Mark, and adopted and used the CAVIAR® Mark in disregard of Plaintiff's prior use, rights and reputation. Upon information and belief, Defendants' use of the CAVIAR® Mark has resulted in the misappropriation of and trading upon Plaintiff's goodwill and business reputation at the expense of Plaintiff and without any expense to Defendants. The effect of Defendants' misappropriation of the goodwill symbolized by the CAVIAR® Mark is to unjustly enrich Defendants, damage Plaintiff and confuse and/or deceive the public.

39.     Defendants' conduct constitutes unfair competition with Plaintiff, all of which has caused and will continue to cause irreparable injury to Plaintiff's goodwill and reputation unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## FEDERAL DILUTION (15 U.S.C. § 1125(1)(c)

40.     Plaintiff realleges paragraphs 1 through 39 above and incorporates them by reference as if fully set forth herein.

41.     By reason of Plaintiff's continuous and extensive use and advertising of the CAVIAR® Mark in connection with its jewelry, the CAVIAR® Mark has become famous and highly distinctive of Plaintiff and is uniquely associated therewith.

42.     Defendants' above-described actions, which occurred after Plaintiff's CAVIAR® Mark acquired fame, will, unless restrained, likely dilute the distinctive quality of Plaintiff's famous CAVIAR® Mark by destroying the exclusive association between Plaintiff's CAVIAR® Mark and its jewelry, or otherwise lessening the capacity of the CAVIAR® Mark to identify Plaintiff and its jewelry exclusively.

43.     Defendants' aforesaid actions are in violation of Section 43(c)(1) of the Trademark Act, 15 U.S.C. § 1125(c)(1), and have already caused Plaintiff irreparable damage and will, unless restrained, continue to so damage Plaintiff, all of which have no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
## DILUTION AND INJURY TO BUSINESS REPUTATION
## (N.Y. General Business law §360-I)

44.     Plaintiff realleges paragraphs 1 through 43 above and incorporates them by reference as if fully set forth herein.

45.    Defendants' use of a copy, variation, simulation or colorable imitation of Plaintiff's CAVIAR® Mark has caused and will continue to cause the dilution of the distinctive quality of Plaintiff's CAVIAR® Mark and to injure Plaintiff's business reputation.

46.    Defendants' use of a copy, variation, simulation or colorable imitation of Plaintiff's CAVIAR® Mark in connection with Defendants' merchandise and/or retail services not controlled or otherwise subject to Plaintiff's quality control has caused and will continue to cause dilution and/or injury to the reputation of Plaintiff.

47.    On information and belief, Defendants do not have any U.S. trademark registrations for designation of CAVIAR for use in connection with any goods or services.

48.    By reason of the foregoing, Plaintiff is entitled to injunctive relief under New York General Business Law §360-1.

**SIXTH CLAIM FOR RELIEF**
**DECEPTIVE TRADE PRACTICES (N.Y. General Business Law § 349)**

49.    Plaintiff realleges paragraphs 1 through 48 above and incorporates them by reference as if fully set forth herein.

50.    By reason of the acts and practices set forth above, Defendants have and are engaged in deceptive trade practices or acts in the conduct of a business, trade or commerce, or furnishing of goods and/or services, in violation of § 349 of the New York General Business Law.

51.    The public is likely to be damaged as a result of the deceptive trade practices or acts engaged in by the Defendants.

52.     Unless enjoined by the Court, Defendants will continue said deceptive trade practices or acts, thereby deceiving the public and causing immediate and irreparable damage to the Plaintiff.  Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment as follows:

1.     Preliminarily and permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants from:

(a)     using or authorizing any third party to use any counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's CAVIAR® Mark in any manner or form, on or in connection with any business, products or services, or in the marketing, advertising and promotion of same;

(b)     imitating, copying or making any unauthorized use of the Plaintiff's CAVIAR® Mark or any copy, simulation, variation or imitation thereof;

(c)     making or displaying any statement or representation that is likely to lead the public or the trade to believe that Defendants' goods are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized or franchised by or are otherwise connected with Plaintiff;

(d)     using or authorizing any third party to use in connection with the rendering, offering, advertising, or promotion of any goods, any false description, false representation, or false designation of origin, or any

11

marks, names, words, symbols, devices or trade dress which falsely
associate such goods or services with Plaintiff or tend to do so;

(e)    diluting the distinctive quality of Plaintiff's CAVIAR® Mark;

(f)    registering or applying to register as a trademark, service mark, domain
name, trade name or other source identifier or symbol of origin any mark,
trade dress or name incorporating the CAVIAR® Mark or any other mark
or domain name that infringes on or is likely to be confused with
Plaintiff's CAVIAR® Mark;

(g)    engaging in any other activity constituting unfair competition with
Plaintiff, or constituting an infringement of Plaintiff's CAVIAR® Mark,
or of Plaintiff's rights therein;

(h)    aiding, assisting or abetting any other party in doing any act prohibited by
sub-paragraphs (a) through (g).

2.    Requiring Defendants to formally abandon with prejudice any and all applications
to register any trademark or service mark consisting of, or containing, the CAVIAR® Mark
either alone or in combination with other words and/or designs.

3.    Requiring Defendants to immediately cease all distribution, marketing, sale
and/or use of any and all products, packaging, shopping bags, containers, advertisements, signs,
displays or other related materials that feature or bear any designation or mark incorporating
CAVIAR® or any counterfeit, copy, simulation, confusingly similar variation, or colorable
imitation thereof, and to direct all of their distributors, retail establishments or wholesale
establishments wherever located in the U.S. to cease forthwith the distribution or sale of any and

all products, packaging, shopping bags, containers, advertisements, signs, displays and/or other related materials featuring or bearing any designation including or incorporating CAVIAR® or any counterfeit, copy, simulation, confusingly similar variation, or colorable imitation thereof, and to immediately remove them from public access.

4.      Directing that Defendants deliver for destruction all products, packaging, shopping bags, containers, advertisements, signs, displays and/or other related materials in their possession, or under their control, incorporating or bearing CAVIAR® or any other simulations, variations or colorable imitations thereof.

5.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any products or services manufactured, sold, distributed, licensed or otherwise offered, circulated or promoted by Defendants are authorized by Plaintiff or related in any way to Plaintiff's products and/or services.

6.      Directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

7.      Awarding Plaintiff such damages as it has sustained or will sustain by reason of Defendants' trademark infringement, dilution and unfair competition.

8.      Awarding Plaintiff all gains, profits, property and advantages derived by Defendants from such conduct; and pursuant to 15 U.S.C. § 1107, awarding Plaintiff an amount up to three times the amount of the actual damages sustained as a result of Defendants' violation of the Lanham Act.

13

9.     Awarding Plaintiff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

10.     Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees.

11.     Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums.

## DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated:  New York, New York
        October 15, 2007

Respectfully submitted,

DUANE MORRIS LLP

By:

Gregory P. Gulia
Vanessa C. Hew
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1000
Fax: (212) 692-1020

and

Lewis F. Gould, Jr.
(prospective *pro hac vice* admission)
Maxim A. Voltchenko
(prospective *pro hac vice* admission)
30 South 17th Street
Philadelphia, PA 19103-4196
Tel.: (215) 979-1000
Fax: (212) 979-1020

Attorneys for Plaintiff Lagos Inc.

DM2\1273541.1

15