UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
                                                            :
LAGOS INC.,                                                 :
                                                            :      Index No. 07 CV 9254(LAP)
                    Plaintiff,                              :
                                                            :
    -against-                                               :      ANSWER AND
                                                            :      AFFIRMATIVE DEFENSES
LORRAINE E. SCHWARTZ, INC. and                              :
LORRAINE E. SCHWARTZ                                        :
                                                            :
                    Defendants.                             :
                                                            :
-------------------------------------------------------------

      Defendants Lorraine E. Schwarz, Inc. and Lorraine E. Schwartz (collectively "Schwartz"), by their undersigned attorneys, Bronstein, Gewirtz & Grossman, LLC, answering the complaint allege as follows:

1. Deny the allegations of paragraph labeled "1" of the complaint.

2. In response to paragraph labeled "2" of the complaint, Defendants do not contest the subject matter jurisdiction of this Court nor the venue of the Southern District of New York.

3. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph labeled "3" of the complaint.

4. Admit the allegations of paragraph labeled "4" of the complaint.

5. Admit that Lorraine E. Schwartz is an officer of Lorraine E. Schwarz, Inc., that she is its President in charge of its operations, but some activities and operations are necessarily delegated to her employees and thus denies the statement that she

"controls all of the activities and operations thereof." The residential address is current as of the date of this answer.

6. Deny the allegations of paragraph labeled "6" of the complaint.

7. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph labeled "7" of the complaint, accept acknowledge that the public record appears to conform with the allegations of paragraph labeled "7" of the complaint.

8. Do not respond to the conclusions of law alleged. Deny the allegations of paragraph labeled "8" of the complaint, except acknowledge that the public record appears to conform with the allegations of paragraph labeled "8" of the complaint with respect to the allegations of an incontestable registration.

9. Deny the allegations of paragraph labeled "9" of the complaint.

10. Deny the allegations of paragraph labeled "10" of the complaint.

11. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph labeled "11" of the complaint.

12. Deny the allegations of paragraph labeled "12" of the complaint.

13. Deny the allegations of paragraph labeled "13" of the complaint.

14. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph labeled "14" of the complaint.

15. Deny the allegations of paragraph labeled "15" of the complaint.

16. With respect to the multiple allegations of paragraph labeled "16" of the complaint: Admit that Defendant Lorraine E. Schwartz, Inc. is engaged in the designer jewelry business. Admit that Defendants have an office at 580 Fifth

Avenue, Suite 1200, New York, NY where Defendants sell jewelry to customers by appointment only for Lorraine E. Schwartz, Inc. Admit that two pieces of jewelry designed by Lorraine E. Schwarz, Inc. are shown in the issue of Town & Country magazine referenced in the complaint, which magazine and article were neither authored nor edited by defendants, but deny that said jewelry is "sold in connection with the CAVIAR designation."

17. Deny the allegations of paragraph labeled "17" of the complaint.

18. Deny the allegations of paragraph labeled "18" of the complaint.

19. Deny the allegations of paragraph labeled "19" of the complaint, except refer to any correspondence from Plaintiff's counsel for its contents.

20. Deny the allegations of paragraph labeled "20" of the complaint, except refer to any correspondence from Plaintiff's counsel for its contents.

21. Deny the allegations of paragraph labeled "21" of the complaint.

22. Deny the allegations of paragraph labeled "22" of the complaint.

23. Deny the allegations of paragraph labeled "23" of the complaint.

24. Deny the allegations of paragraph labeled "24" of the complaint.

25. Deny the allegations of paragraph labeled "25" of the complaint.

26. Deny the allegations of paragraph labeled "26" of the complaint.

27. Repeat the aforesaid allegations in response to paragraph labeled "27" of the complaint.

28. Deny the allegations of paragraph labeled "28" of the complaint.

29. Deny the allegations of paragraph labeled "29" of the complaint.

30. Deny the allegations of paragraph labeled "30" of the complaint.

31. Repeat the aforesaid allegations in response to paragraph labeled "31" of the complaint.

32. Deny the allegations of paragraph labeled "32" of the complaint.

33. Deny the allegations of paragraph labeled "33" of the complaint.

34. Deny the allegations of paragraph labeled "34" of the complaint.

35. Deny the allegations of paragraph labeled "35" of the complaint.

36. Deny the allegations of paragraph labeled "36" of the complaint.

37. Repeat the aforesaid allegations in response to paragraph labeled "37" of the complaint.

38. Deny the allegations of paragraph labeled "38" of the complaint.

39. Deny the allegations of paragraph labeled "39" of the complaint.

40. Repeat the aforesaid allegations in response to paragraph labeled "40" of the complaint.

41. Deny the allegations of paragraph labeled "41" of the complaint.

42. Deny the allegations of paragraph labeled "42" of the complaint.

43. Deny the allegations of paragraph labeled "43" of the complaint.

44. Repeat the aforesaid allegations in response to paragraph labeled "44" of the complaint.

45. Deny the allegations of paragraph labeled "45" of the complaint.

46. Deny the allegations of paragraph labeled "46" of the complaint.

47. Deny the allegations of paragraph labeled "47" of the complaint.

48. Deny the allegations of paragraph labeled "48" of the complaint.

49. Repeat the aforesaid allegations in response to paragraph labeled "49" of the complaint.

50. Deny the allegations of paragraph labeled "50" of the complaint.

51. Deny the allegations of paragraph labeled "51" of the complaint.

52. Deny the allegations of paragraph labeled "52" of the complaint.

53. Deny Plaintiff is entitled to any of the relief sought in the *ad damnum* clause.

## FIRST AFFIRMATIVE DEFENSE

(Fair Use)

54. Defendants fair use of the word "caviar" as a descriptive term is explicitly permitted by the Lanham Act.

55. Defendants use of the word "caviar" is always preceded by the word "diamond", and is merely descriptive of the granular, nuggety characteristics (similar to the appearance of real caviar, i.e. fish eggs) of certain items of high end diamond jewelry sold by Lorraine E. Schwartz, Inc.

56. Defendants do not capitalize the word "caviar" in their own said descriptive use of "caviar" and are not responsible if others who are not controlled by defendants, such as the Town & Country magazine referenced in the complaint, erroneously capitalized the word caviar when reporting about items of Lorraine E. Schwartz, Inc.'s jewelry contrary to the explicitly non-capitalized communication of the descriptive term "caviar" from Defendants to Town & Country by email.

57. Defendants do not engage in any paid advertising.

58. As such, defendants descriptive use of the word "caviar" is entirely permitted by the Lanham Act and Plaintiff's complaint is entirely without basis and should be withdrawn.

## SECOND AFFIRMATIVE DEFENSE

(Plaintiff's Descriptive Mark is Weak,
Gives no Notice of the U.S. Registration and is Entitled to Little Protection)

59. Plaintiff's jewelry is sold under the mark Lagos.

60. Plaintiff's use of the term "caviar" as shown on its website, is merely descriptive of the physical characteristics of the jewelry.

61. As shown by the pages of Lagos' website annexed to the complaint, Plaintiff does not display the ® symbol in connection with its use of the word "caviar" and thus does not put the world on notice of its registration.

62. As such Plaintiff's mark is very weak and entitled to little, if any, protection.

## THIRD AFFIRMATIVE DEFENSE

(Lack of Confusion)

63. Defendants sell a much higher end diamond jewelry than does Plaintiff.

64. Defendants jewelry is set in gold, while upon information and belief Plaintiff's is set primarily in silver.

65. Defendant Lorraine E. Schwartz, Inc.'s average items sell for approximately $20,000 each, in contrast to Plaintiff's average items which, upon information and belief, by and large sell for 10% or less of the average prices for items sold by Defendants.

66. Defendants sell jewelry exclusively in connection with the name Lorraine Schwartz, and mostly by personal appointment with Lorraine Schwartz.

67. When Lorraine E. Schwartz, Inc.'s jewelry is sold and displayed at Bergdorf Goodman, the Lorraine Schwartz display case at Bergdorf Goodman contains the name "Lorraine Schwartz" and no designation of the word "caviar" at all.

68. Defendants engage in no paid advertising at all.

69. Defendants sell jewelry to a sophisticated, wealthy clientele who would not be likely to confuse the source the high end items sold by defendants with the much lower end items sold by Plaintiff.

70. As such there is little, if any, likelihood of confusion.

FOURTH AFFIRMATIVE DEFENSE

(Fraud in Procuring Trademark Registration and Incontestability)

71. Upon information and belief Plaintiff made false representations to the Trademark office in connection with Plaintiff's obtaining its registration of the mark "caviar".

72. Upon information and belief, the mark "caviar" was previously in use in commerce by others in the jewelry trade, including Kieselstein-Cord, prior to use by Plaintiff and Plaintiff was not entitled to exclusive use of "caviar" in commerce in connection with jewelry at the time Plaintiff's trademark registration application was filed.

73. Upon information and belief, the term "caviar" is and has been at relevant times widely used in the jewelry trade by many sellers of jewelry, including Kieselstein-Cord, Ruby Lane, Annjewelry.com, Novica, William Spratling, Glint Jewelry, Alexis Bittar, Andrea Corson, Doris Stephan, Judith Jack, Diana Kim England, Erwin Pearl, Anahita, and others.

74. Upon information and belief, Plaintiff fraudulently concealed from the Trademark Office widespread use by others of the term "caviar" to wrongfully obtain its registration and its incontestability status.

75. As such Plaintiff's registered trademark is unenforceable.

WHEREFORE, Defendants demand judgment dismissing the complaint, along with costs, disbursements, attorneys' fees if allowed by law, and sanctions if Plaintiff is found to have engaged in fraudulent conduct with respect to its trademark filings.

Dated:  March 7, 2008

        BRONSTEIN, GEWIRTZ & GROSSMAN, LLC

      By:   /s/  Edward N. Gewirtz
        Edward N. Gewirtz (EG6801)
        60 East 42nd Street, Suite 4600
        New York, New York 10165
        (212) 697-6484
        Attorneys for Defendants